UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MARY W. COLLINS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOLLAND AMERICA LINE - U.S.A., a Washington corporation; HOLLAND AMERICA LINE, INC., a Washington corporation; HOLLAND AMERICA LINE N.V., a Curacao corporation; and HAL ANTILLEN N.V., a Curacao corporation,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES AND PERSONAL INJURIES |

Plaintiff Mary W. Collins, through counsel, alleges as follows:

## I.

## PARTIES

1.1   Plaintiff Mary W. Collins ("Plaintiff") is a resident of the state of Florida.

1.2   Defendant Holland America Line – U.S.A. is a Washington corporation with its principal place of business in Seattle, Washington and at all material times was an agent of Defendants Holland America Line N.V. and HAL Antillen N.V.

1.3   Defendant Holland America Line, Inc. is a Washington corporation with its principal place of business in Seattle, Washington and at all material times was an agent of Defendants Holland America Line N.V. and HAL Antillen N.V.

COMPLAINT FOR DAMAGES AND
PERSONAL INJURIES - 1
CASE NO.
#1023289 v1 / 42969-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1.4   Defendant Holland America Line N.V. is a Curacao corporation and at all material times, HAL N.V. was the charterer of the ms Oosterdam.

1.5   Defendant HAL Antillen N.V. is a Curacao corporation and at all material times owned the ms Oosterdam.

## II.

## JURISDICTION AND VENUE

2.1   The United States District Court for the Western District of Washington has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332 (diversity of citizenship) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because there is complete diversity between Plaintiff and all Defendants.

2.2   The United States District Court for the Western District of Washington has personal jurisdiction over all Defendants based on all Defendants' substantial, continuous, and systematic business contacts within the state of Washington.

2.3   Venue is proper in the United States District Court for the Western District of Washington under 28 U.S.C. § 1391(b).

2.4   Personal jurisdiction also exists and venue is also proper in The United States District Court for the Western District of Washington under the forum selection clause contained in the Holland America Line Cruise Contract ("Cruise Contract").

2.5   Plaintiff sent a written Notice of Claim (copy attached as Exhibit 1) to Darlene Hembree, Legal Department, Holland America Group (acting on behalf of all Defendants) by certified/registered mail on or about August 3, 2015, within the six-month time limit set forth in the Cruise Contract.

2.6   The Holland America Group received and signed for the Notice of Claim on August 10, 2015 (copy of receipt attached as Exhibit 2).

COMPLAINT FOR DAMAGES AND
PERSONAL INJURIES - 2
CASE NO.
#1023289 v1 / 42969-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

2.7   This action was commenced in The United States District Court for the Western District of Washington on or about April 29, 2016, within one year of May 19, 2015, the date Plaintiff was injured aboard the ms Oosterdam.

III.

FACTS

3.1   The ms Oosterdam is a passenger vessel that at all material times was owned and/or operated by Defendants.

3.2   Plaintiff entered into a contract of carriage for the purpose of passage on the ms Oosterdam.

3.3   Plaintiff was a passenger on the ms Oosterdam, under booking VKCQGL, on a 7-Day Glacier Discovery Southbound cruise that departed Seward, Alaska on May 17, 2015.

3.4   On or about May 19, 2015, Plaintiff and her husband and two other passengers rode on an interior forward starboard elevator between decks aboard the ms Oosterdam. The elevator stopped at Deck 3--the group's destination--and the elevator doors opened. The group of four began to exit the elevator. As Plaintiff was walking out of the elevator doorway, the two heavy elevators doors closed rapidly, without warning, and with substantial force, striking Plaintiff and knocking her backward into the elevator car.

3.5   The elevator doors aboard the ms Oosterdam should have remained safely open for the Plaintiff as she exited through the elevator doorway, and Plaintiff's presence in the elevator doorway should have been detected by the elevator's door sensors. The elevator doors failed to properly and safely function in the manner that a reasonable person would have expected them to operate.

3.6   Upon information and belief, the malfunction of the elevator doors on May 19, 2015 was caused by negligent control, maintenance, inspection, and usage, among other defects, by Defendants, including failure of the elevator door sensors that were intended and expected to

COMPLAINT FOR DAMAGES AND
PERSONAL INJURIES - 3
CASE NO.
#1023289 v1 / 42969-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

keep the doors open until passengers such as Plaintiff had completely exited the elevator doorway.

3.7  Defendants were or should have been aware of the unreasonably dangerous condition posed by the malfunctioning elevator doors.

3.8  Plaintiff did not cause or contribute to the malfunctioning elevator doors and did not cause or contribute to her injuries and damages.

3.9  Plaintiff has met all of the conditions precedent set forth in the Cruise Contract, including but not limited to sending a timely written Notice of Claim.

IV.

CAUSE OF ACTION: NEGLIGENCE

4.1  Plaintiff re-alleges the allegations of ¶¶ 1.1 – 3.9.

4.2  Defendants owed Plaintiff affirmative duties of reasonable care under the circumstances, or alternatively, higher duties of care commensurate with their maritime common carrier/passenger relationship to Plaintiff. Defendants' duties of care arose from the maritime law of negligence and also as implied contractual duties to their paying passenger. Defendants failed to uphold their duties of care to Plaintiff.

4.3  As a proximate result of Defendants' failure to uphold their duties of care, Plaintiff has suffered injuries and damages.

V.

DAMAGES

5.1  Plaintiff re-alleges the allegations of ¶¶ 1.1 – 4.3.

5.2  Defendants' negligence directly and proximately caused Plaintiff to suffer serious bodily injuries, including multiple lacerations, contusions and abrasions on her left arm and elbow, and medical complications, including pneumonia and related illness, resulting in pecuniary and other compensable losses, including past and future health care expenses. Plaintiff has incurred related items of special damages for travel to health care appointments,

COMPLAINT FOR DAMAGES AND
PERSONAL INJURIES - 4
CASE NO.
#1023289 v1 / 42969-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

household assistance, and other out of pocket expenses, all in amounts to be proven at the time of trial.

5.3   Defendants' negligence directly and proximately caused Plaintiff to suffer physical and emotional injuries and general damages, including but not limited to: temporary and permanent physical impairment, disfigurement, physical and mental pain and suffering, disability, limitations and loss of enjoyment of life, in amounts to be proven at the time of trial.

5.4   Plaintiff did not cause or contribute to the injuries and damages that she suffered.

WHEREFORE, Plaintiff prays that she be awarded Judgment against Defendants, jointly and severally, including the following relief:

1.   General and special damages in amounts to be proven at trial;

2.   Punitive damages as may be permitted under applicable law;

3.   Prejudgment interest on all items of special damage;

5.   Plaintiff's taxable costs of suit and statutory attorney fees; and

6.   Such other and further relief as the Court may determine to be appropriate under the circumstances.

Dated this 29th day of April, 2016.

s/ Steven D. Robinson
Steven D. Robinson, WSBA #12999
Jacque E. St. Romain, WSBA #44167
**KARR TUTTLE CAMPBELL**
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: 206-223-1313
Facsimile: 206-682-7100
Email: sdrobinson@karrtuttle.com
Email: jstromain@karrtuttle.com

*Attorneys for Plaintiff Collins*

COMPLAINT FOR DAMAGES AND
PERSONAL INJURIES - 5
CASE NO.
#1023289 v1 / 42969-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100